IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22 CR 574-6 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| AVEON WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.**

It is the government's contention that on March 4, 2023, at 2:05 p.m., Mr. Wilson and three of his co-conspirators robbed a Brink's armored truck in Orland Park, Illinois and stole $379,301 before fleeing in a stolen car that they later set on fire. A month later, it is alleged that Mr. Wilson and four co-conspirators robbed a Brink's truck in Calumet City, Illinois. They purportedly forced the courier to unlock the truck while pointing a gun at his head. It is alleged they stole $3,000 before fleeing. Shortly thereafter, Mr. Wilson and the co-conspirators allegedly robbed another armored truck in Lansing, Illinois threatening the courier and attempting to force him to open the truck. One of the co-conspirators put a gun in the courier's back to prevent any escape. They allegedly stole $15,000 from the courier before fleeing.

**B.**

On April 4, 2024, a superseding indictment charged the defendant with conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a) and with displaying a firearm during a crime of violence. 18 U.S.C. § 924(c)(1)(A). A warrant was issued for Mr. Wilson's arrest. [Dkt. #128].

In mid June 2024, Mr. Wilson was arrested. He waived his right to a detention hearing without prejudice. [Dkt. #180]. On July 9, 2024, a third superseding indictment was returned charging him with conspiracy to commit Hobbs Act robbery. 18 U.S.C. § 1951(a); three counts of Hobbs Act robbery, 18 U.S.C. § 1951(a); and three counts of brandishing a firearm during a crime of violence. 18 U.S.C. § 924(c)(1)(A).

On February 18, 2025, Mr. Wilson moved for pretrial release. [Dkt.# 243].

**II.**

**THE MOTION FOR RELEASE**

Mr. Wilson is charged with both a crime of violence and a felony offense involving the possession or use of a firearm. 18 U.S.C. § 3142(f)(1)(A) and (E). The government agrees with the recommendation of the Office of Pretrial Services that Mr. Wilson should be detained because, in its view, there are no conditions or combination of conditions that would reasonably assure defendant's appearance at trial and reasonably assure the safety of the community. [Dkt. ## 175, 247-248].

18 U.S.C. § 3142(e)(3) provides that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable

cause to believe that the person committed . . . (B) an offense under section 924(c). . . of this title[.]

The government contends that Mr. Wilson has not rebutted the statutory presumption that there are no conditions or combination of conditions that could be imposed that would reasonably assure the defendant's appearance at trial and the safety of the community. Mr. Wilson's motion for pretrial release has failed to rebut that assumption.

### A.
### The Rebuttable Presumption That No Condition Or Combination Of Conditions Will Reasonably Assure The Appearance Of Defendant

Despite Mr. Wilson's history of non-appearance at required in court proceedings and his attempts to evade law enforcement, he insists that there *are* a combination of conditions that will reasonably assure his appearance at trial if he is granted bond. [Dkt.# 243 at 6, 7-8]. But it cannot be too often emphasized that, in any context, merely "saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010). It never has. *See Guerrero v. BNSF Ry. Co.*, 929 F.3d 926, 929 (7th Cir. 2019); *Stromberg Motor Devices Co. v. Zenith Carburetor Co.*, 254 F. 68, 69 (7th Cir. 1918). *Accord Madlock v. WEC Energy Group, Inc.*, 885

F.3d 465, 473 (7th Cir. 2018); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020)("Notably absent from these allegations, however, is any proposed proof that state actors, not municipal actors, were engaged in this *de facto* discrimination.").[1] Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, 583 U.S. 149, 164 (2018). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Mr. Wilson has, the record reveals, failed to appear on at least eight prior occasions and has also failed to abide by previous court orders by violating his probation, for which there is an outstanding warrant for his arrest. Not only does Mr. Wilson have a disturbing history of failing to appear as ordered for court proceedings and for attempting to evade law enforcement, he also evaded law enforcement efforts to find him in this case for over two months. On April 4, 2024, a warrant was issued for Mr. Wilson's arrest. That day, a search warrant was executed at Mr. Wilson's residence in Gary, Indiana. While Mr. Wilson was not home, his brother Anthony Wilson, who is a co-defendant in this case, was arrested inside the home. Law enforcement informed Mr. Wilson's family that there was an outstanding warrant for his arrest.

Over the next two months, law enforcement continued their search for Mr. Wilson. Their efforts led to a residence on South Rhodes Avenue in Chicago. This is the same residence proposed by Mr. Wilson that he be allowed to live in if he were to be released. This was also the resident where Mr. Wilson's girlfriend lived. Law enforcement observed someone matching Mr. Wilson's description at the house and interacting with his girlfriend and their infant child.  On May 8, 2024,

---

[1] *Compare Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020)("But calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here.").

law enforcement executed a search warrant at the residence, but did not find Mr. Wilson. They did, however, find mail addressed to him. Law enforcement officers spoke with Mr. Wilson's girlfriend and her mother, Chiquette Doodman – who significantly is one of the proposed third-party custodians. They were adamant that Mr. Wilson did not stay there and refused to identify him in the surveillance footage. They further sais that Mr. Wilson was no longer part of their lives.

Some two and a half months after the arrest warrant was issued, on June 17, 2024, law enforcement officers executed a search warrant on the residence on Taft Street in Gary, Indiana where they found Mr. Wilson and his girlfriend. Mr. Wilson admitted to law enforcement officers that even though he had seen newspaper articles regarding his arrest warrant and knew he was a fugitive, he had not surrendered. As a consequence, law enforcement was needlessly forced to expend considerable time and resources.

In sum, allowing Mr. Wilson to reside at the Rhodes Avenue residence with Ms. Doodman as a third-party custodian would not be appropriate. As the government has put it, Ms. Doodman was not honest with law enforcement officers about Mr. Wilson's presence in her home or about her ongoing relationship with him. Moreover, although Mr. Wilson's girlfriend knew that Mr. Wilson was a fugitive, she lied to law enforcement officers about her ongoing relationship with him. Indeed, she was living with him when he was ultimately arrested. Thus, Mr. Wilson's suggestion that she would be a suitable custodian is not, to put it charitably, persuasive. In short, the government has sufficiently demonstrated by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure the defendant's presence at trial as required by law.

**B.**

### The Rebuttable Presumption That No Condition Or Combination Of Conditions Will Reasonably Assure The Safety Of The Community Has Not Been Rebutted By Mr. Wilson

In this case there exists a rebuttable presumption that there is no condition or combination of conditions that will reasonably assure the safety of the community if Mr. Wilson were released on bond. Mr. Wilson has contended that "the charges against him are confined to little more than a month, March 4, to April 12, 2023." But the time period cannot obscure the fact that the charged offenses involve violence and are extremely serious and the argument for release ignores the fact that Mr. Wilson is charged with having committed the offenses while he was on pretrial release for the offense of resisting a law enforcement officer. And, significantly, he is charged with having committed both April 12, 2023 robberies *while on pretrial release for possession of ammunition* [Dkt. #248 at 7].

Additionally, after committing these robberies and just three days after being placed on probation for resisting a law enforcement officer, Mr. Wilson was arrested after he was found riding in a car with a gun with his brother and co-defendant, Anthony Wilson. Moreover, Mr. Wilson was residing with his mother, father, and siblings when he allegedly committed the armed robberies charged in the instant matter. Two of Mr. Wilson's siblings – co-defendant Anthony Wilson and minor A.W. – were also involved in this robbery conspiracy while living with their parents. Thus, the claimed support of defendant's family failed to not only prevent Mr. Wilson from committing dangerous, violent offenses, but failed to prevent two of his brothers from being involved as well.

It is significant that Mr. Wilson and his brothers are charged to be associated with the Deiz Murder Avenue street gang, which is a subsect of the Perry Avenue Boys. The Deiz Murder Avenue gang is named after Mr. Wilson's deceased brother, Deiz Allison, and members of the gang are,

6

according to the government, known to commit violent acts, including robberies, shootings, and murders—both against people unaffiliated with the gang and also associates of the gang who are deemed to be disloyal. Hence, I have concluded that there are no conditions or combination of conditions that would reasonably assure the safety of the community if Mr. Wilson were released on bond with or without the proposed conditions. Thus, I agree with the government that because of Mr. Wilson's history of failing to appear in court proceedings as required, his lengthy period as a fugitive, the seriousness of the charged offenses, that he committed the alleged offenses while on pretrial release, his history of committing new offenses while on pretrial release and probation, and the lack of a suitable third party custodian, his Motion For Pretrial Release On Conditions should be and is denied. He will remain detained pending resolution of this case.

      The defendant's Motion for Pretrial Release [Dkt. ##243, 247] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/5/25